NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JAMES WARD, PETITIONER, v. SHAPIRO CONSTRUCTION COMPANY, RESPONDENT.

**Injury to Finger Resulting in Infection—Employe Did Not Sustain Burden of Proof That Infection was Result of an Injury Received During the Course of Employment.**

On determination of facts and findings.

For the petitioner, *Thomas F. Griffin.*

For the respondent, *Harry E. Walburg.*

*.　　　*　　　*　　　*　　　*　　　*　　　*

2. The petitioner testified that on August 11th, 1926, he was working for the respondent as a laborer at Clinton, New Jersey; at that time he was using a pick when the pick struck a rock or stone and the jar caused the fourth finger of the right hand to strike against the pick handle. His finger pained him for a short while, but the finger was not cut, nor was there any break of the skin. At that time he also had a blister on this finger, but the blister did not break and he had had this blister on the finger for several days, the blister having resulted from the rubbing of his finger against the pick handle while performing his work. He continued working until August 16th, and on that day he was sent by a Mr. Knox, an employe of the respondent, to a Dr. Boothby, in Clinton, New Jersey, his right hand at that time being swollen. Dr. Boothby told the petitioner that there was an infection in the fourth finger and he applied some ointment to it and the blister then opened. The following day he was sent by Dr. Boothby to the Somerset Hospital, in Somerville, New Jersey, where the fourth finger of the right hand was amputated. Willie Jones, a witness for the petitioner, testified that he was working with the petitioner when the petitioner struck the fourth finger of his right hand against the pick handle, and he heard the petitioner complain of pain in this finger for a short time. He did not have any knowledge of the blister on the petitioner's finger.

3. The respondent rested its case without introducing any evidence and moved to dismiss the claim petition on the ground that the petitioner had failed to prove that his injury resulted out of an accident arising out of and in the course of his employment.

4. I find from the evidence produced by the petitioner that, as a result of an infection, the fourth finger of his right hand was amputated, but that he has failed to prove that his injury was the result of an accident arising out of and in the course of his employment with the respondent. There is no evidence from which I can find that the striking of the fourth

finger of the right hand against the pick handle had any connection with the infection, and if the infection followed as a result of the blister which the petitioner had on his finger, then the disability was an occupational one, resulting from the constant use of tools and is not compensable.

\*      \*      \*      \*      \*      \*      \*

CHARLES E. CORBIN,
*Deputy Commissioner.*